**Jose Jacques MEDINA, Plaintiff-Appellant,**

v.

**Leonel CASTILLO, Commissioner, Immigration and Naturalization Service, Department of Justice, et al., Defendants-Appellees.**

No. 78–2779.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 30, 1980.

Decided Sept. 12, 1980.

Peter A. Schey, Los Angeles, Cal., argued for plaintiff-appellant; Leonard I. Weinglass, Los Angeles, Cal., on brief.

Eva S. Halbreich, Asst. U. S. Atty., Los Angeles, Cal., argued for defendants-appellees; Fred Okrand, Carolyn M. Reynolds, Asst. U. S. Attys., Los Angeles, Cal., on brief.

Before SKOPIL and FERGUSON, Circuit Judges, and EAST,* District Judge.

EAST, District Judge:

■ Jose Jacques Medina (Medina) appeals the District Court's dismissal of an uncertified class action challenging procedures used by the Immigration and Naturalization Service (INS), acting through its District Director, in considering applications for asylum. Its dismissal for failure to exhaust administrative remedies was based upon the unilateral decision of the INS to reconsider the asylum application of Medina, the named plaintiff. We believe that the Court's decision to require exhaustion of the reconsideration was proper, but that the District Court should have stayed the proceedings rather than dismiss the action. Accordingly, we vacate and remand the cause. Our jurisdiction lies under 28 U.S.C. § 1291.

On August 5, 1976, Medina submitted an application for asylum to the INS pursuant to 8 C.F.R. § 108.[1] He gave his sworn statement before an Immigration Examiner and submitted documents. At his request, he was subsequently permitted to submit depositions and sworn statements of others, as well as additional documents, but was not allowed to present testimony.

Under 8 C.F.R. § 108.2, the INS is to seek the recommendation of the State Department on any asylum applications unless clearly meritorious or lacking in substance.[2] Because none of the supporting documents had been forwarded by INS, Medina sent two letters, without response, to the State Department informing them that additional material had been submitted. He also un-

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. 8 C.F.R. § 108.1, as it existed at the time of Medina's application in 1976, provided in part as follows:

   "An application for asylum by any other alien who is within the United States or who is applying for admission to the United States at an airport or seaport of entry· shall be submitted on Form I–589 to the district director having jurisdiction over his place of residence in the United States or over the port of entry."

   8 C.F.R. § 108.1 (1976).

2. 8 C.F.R. § 108.2, as it existed at the time of Medina's application in 1976, provided in part as follows:

   "The district director shall request the views of the Department of State before making his decision unless in his opinion the application is clearly meritorious or clearly lacking in substance. The district director may approve or deny the application in the exercise of discretion. The district director's decision shall be in writing, and no appeal shall lie therefrom."

   8 C.F.R. § 108.2 (1976).

successfully sought to inspect prior State Department asylum decisions. On February 23, 1977, the State Department recommended that the asylum application be denied, and on March 17, 1977, the INS denied Medina's application for asylum. Under 8 C.F.R. § 108.2, this decision is final, with no appeal opportunity.[3]

On May 5, 1977 Medina filed this suit as a class action on behalf of various subclasses of persons described separately under eight of nine causes of action pleaded in his complaint. The proposed general class includes "all aliens, presently or hereafter present in the United States, who have or will claim political asylum and whose constitutional, statutory or regulatory rights have been or will be denied by defendants as described in each separate cause of action." The eight causes of action allege various procedural deficiencies, claiming that they violate assorted constitutional, statutory, and regulatory rights of the class members. The other cause of action challenges the actual decision rendered in Medina's case.

After reviewing the allegations of the Medina complaint, the INS on June 24, 1977, through the INS District Director, unilaterally decided to reconsider Medina's application for asylum, and so notified Medina. One week later, the INS filed a motion to dismiss the complaint and action in the District Court, arguing that Medina's action was moot because his application was going to be reconsidered.

On July 11, 1977, the District Court approved a stipulation between the parties which provided that Medina would withdraw his motion for a preliminary injunction; that the INS denial of asylum would be withdrawn; that both parties would request a continuance of Medina's deportation hearing; that Medina could submit additional documentary evidence, and that such evidence would be forwarded to the State Department when requesting an advisory opinion on the application. It further provided that Medina would have the opportunity to inspect his file and rebut any derogatory evidence; and that Medina would re-

ceive a written notice of the INS decision on his application, including reasons for denial if it was again denied. It was expressly noted that the stipulation was solely for the purpose of settling the issues mentioned.

On March 20, 1978, the District Court entered an order dismissing the entire action, stating that Medina would have a "new hearing and decision on his application." The Court continued:

"We think it premature to now adjudicate the matter in its present posture where administrative procedures have not been exhausted and where in our view the interests to be served by requiring such exhaustion outweigh any injury to be suffered by plaintiff as a result thereof."

The motion for certification as a class action was then dismissed as moot. This appeal by Medina followed.

We understand the District Court's order to be a dismissal for failure to exhaust administrative remedies. Although there is at times confusion about whether exhaustion of remedies is required as a jurisdictional matter, *Montgomery v. Rumsfeld*, 572 F.2d 250 (9th Cir. 1978), it seems clear from the order that the Court viewed its dismissal of the action as a matter of discretion rather than for want of jurisdiction. We agree with this characterization of the nature of the exhaustion question in this case. There exists here no statutorily specified jurisdictional prerequisite that the unilateral reconsideration be accepted and exhausted. Thus, the exhaustion requirement imposed here falls into that category which has been judicially developed. *Weinberger v. Salfi*, 422 U.S. 749, 766, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975). *Montgomery* at 252–53.

The trial court's exercise of discretion regarding exhaustion where such is not jurisdictionally mandated was addressed by this Court in *Montgomery*. There we observed that "[t]he underlying goal of the

3. See note 2, *supra*.

courts in making such determinations is, of course, the expeditious administration of justice, both in courts and agency tribunals." *Id.* at 253. Such determinations are, in the first instance, left to the District Court, and we will not disturb its decision but for a clear abuse of its limited discretion.

Here, the INS withdrew the denial of Medina's application for asylum and agreed to its reconsideration. If the INS on reconsideration grants the application, Medina will be afforded all the relief he individually sought. If he is denied a second time, he then will have unimpeded recourse to the federal courts for judicial review of the agency action, both as to substance and as to procedure. Although Medina urges that he suffers hardship each day his status is in limbo, due to inability to obtain a social security number and a work permit, we do not believe that the length of delay due to reconsideration would be so excessively long so as to make immediate judicial review a necessity. For a comparatively brief investment of time in the reconsideration process, the need for the time, expense, and utilization of judicial resources associated with judicial review may be obviated. Indeed, the reconsideration process will in all likelihood take far less time than it took to pursue this appeal. We cannot say that the District Court abused its discretion in requiring Medina to return to the agency before involving that Court.

The District Court, however, chose to dismiss the action. In *Montgomery*, we noted that the competing interests which are weighed and balanced

> "may best be accommodated if the court requires the exhaustion of remedies, but retains jurisdiction of the matter to avoid the necessity of commencing the civil action all over again should the administrative remedy fail to resolve the dispute. We believe that with respect to judicially originated exhaustion requirements, this alternative is within the limited discretion of the court reviewing the agency action when the interests of justice would be served thereby." *Id.* at 253–54.

Accordingly, we hold that the District Court should have stayed consideration of the action pending the resolution of the reconsideration process by INS. This is especially true where, as here, Medina has filed his complaint in the form of a class action. Following the disposition of Medina's reconsideration, the status of the complaint as a class action can be reviewed by the District Court and appropriate action can be taken.

Medina argues that the status of this case as a class action, and its attack on procedural aspects of the consideration process preclude, or at least counsel against, requiring Medina to exhaust reconsideration. While we find this a relevant factor, we do not believe it to be of sufficient weight here to mandate immediate judicial review. There is no reason why the class relief cannot be pursued, if such becomes expedient, in this action headed by another member of the class should Medina's application be granted. If the INS continues to frustrate review of its procedures by granting reconsideration and ultimately asylum to named plaintiffs, this will become an increasingly important factor in the District Court's exercise of discretion. At present, however, there is insufficient evidence of intentional avoidance of review to find immediate judicial action necessary.

Consequently we vacate the District Court's judgments of dismissal of the action and application for class certification. We remand the cause to the District Court for further proceedings.

VACATED AND REMANDED.